THE PEOPLE EX REL. BENÍTEZ *v*. FALKNER, COMMISSIONER OF
EDUCATION ET AL.

APPLICATION for a Writ of *Mandamus*.

No. 10.—Decided December 22, 1906.

MECHANICAL SCHOOLS—APPOINTMENT OF TEACHERS.—A resolution adopted by the
commission appointed for the purpose of preparing a general plan for the
establishment of mechanical schools created by the Appropriation Act for
1906-7, providing that the teachers and other employees of said schools
should be appointed by the Commissioner of Education on the recommenda-
tion of a commission appointed for that purpose, is null and void because
it is contrary to the provisions of section 35 of the School Law of March 12,.
1903.

ID.—SPECIAL TEACHERS.—Teachers of mechanical schools come within the classifi-
cation of special teachers referred to by section 35 of the law above cited,
which confers upon the Commissioner of Education full power to appoint them
directly without suggestions or recommendations from anyone, and this power
would be limited if the resolution requiring him to make the appointments on
the recommendation of a commission designated for that purpose were
upheld.

The facts are stated in the opinion.

*Mr. Benítez Castaño* for petitioner.

*Mr. Rossy, fiscal,* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

On October 24 of the current year Attorney Eugenio
Benítez Castaño, as a citizen of Porto Rico interested in the
performance of the obligations which the laws impose upon
public officials, petitioned this court to issue a peremptory
writ of *mandamus* against the Commissioner of Education
and Messrs Vicente Balbás Capó and Ermelindo Salazar,
members of a commission created by the Appropriation Act
of March 8, 1906, to prepare a general plan for the estab-
lishment of mechanical schools in the Island of Porto Rico,
directing the defendants to sit in permanent session, to ter-
minate the plan to establish mechanical schools, to approve

the budget of expenses for said schools in such form as they might deem proper, and upon concluding said plans that they announce the competitive examinations referred to in the ninth resolution of said committee and designate the teachers for the said schools in the manner prescribed in said resolution or in any other manner, and, finally, that the said mechanical schools or schools of arts and trades be inaugurated as provided in said act.

An order having issued on the 30th of said month of October to the Commissioner of Education and to the other defendants, to show cause within a period of eight days why the writ of *mandamus* applied for should not issue, Vicente .Balbás and Ermelindo Salazar have not made any answer, the Commissioner of Education doing so and contesting the application of Eugenio Benítez Castaño, alleging that the plan for the establishment of mechanical schools had been concluded, while the budget of expenses, which was what was lacking had already been approved by the commission as well as by the Executive Council, that no session whatsoever was necessary for this purpose, and that teachers were being appointed for said schools, which would be inaugurated on November 19, and denying that he was obliged to comply with the ninth resolution of a majority of the commission, because he considered that said resolution was in absolute contravention of the Organic Law of Porto Rico and the School Law passed by the Legislative Assembly, to which he would continue to conform in the appointment of teachers.

At the hearing in this court the petitioner admitted as true all the facts alleged in the answer of the Commissioner of Education, thus reducing the legal controversy to a single point—that is to say, to a decision as to whether or not the Commissioner of Education can be compelled by writ of *mandamus* to comply with the ninth resolution of the commission as to the manner of appointing the teachers of the mechanical schools.

The Appropriation Act for the fiscal year 1906-7, approved

March 9, 1906, provides the following upon the subject in question:

"*Expenses of Mechanical Schools.*—Immediately upon the passage of this act there shall be created a commission for the purpose of preparing a general plan for the establishment of mechanical schools in the Island of Porto Rico. Said commission shall consist of three members who shall be the Commissioner of Education, a person appointed by the Speaker of the House of Delegates, and a third person to be chosen by the two aforesaid commissioners. The plan agreed upon by the aforesaid three commissioners, for the establishment of the said mechanical schools shall be put in force on the first school day of the fiscal year 1906-7. The sum of $40,000, or as much thereof as may be necessary, is hereby appropriated to carry out the purposes of this item."

Said commission was created, and was finally composed of the Commissioner of Education, Vicente Balbás Capó, who was appointed by the Speaker of the House of Delegates, and Ermelindo Salazar, who was appointed by the Governor, on account of the other two commissioners not being able to agree. The commission adopted a number of resolutions, including the ninth, which was adopted by a majority vote—that is to say, by Messrs. Balbás and Salazar—against the vote of the Commissioner of Education, and which being material to the matter, we transcribe herewith.

"The principal teachers, teachers and other employees, *shall be appointed by the Commissioner of Education,* on the recommendation of a commission consisting of the President of the Executive Council, the Speaker of the House, and the chairman of the Committee on Education of the House of Delegates. Upon the approval of these resolutions, the Commissioner of Education shall submit to public competition, announcing it for a period of fifteen days, the positions created by these resolutions, and all persons desiring to make application for such positions shall present their applications to said commission, which, within ten days after the conclusion of the competition, shall make its recommendations to the Commissioner of Education, it being agreed that the Commissioner of Education is empowered to present applications for the appointment of any person who may have been employed in the industrial schools of Porto Rico during the past year."

The Commissioner of Education affirms and maintains that the foregoing resolution is contrary to the School Law passed by the Legislative Assembly of Porto Rico, approved March 12, 1903, section 55 of which provides in its pertinent parts:

"Teachers of English and all special teachers shall be appointed directly by the Commissioner of Education and shall perform such duties as he may assign to them, provided that teachers of English shall have the qualifications specified in section 30 of this act and all special teachers shall have the qualifications usually appertaining to teachers of their respective branches and shall have first been granted a license as such special teacher by the Department of Education."

The same act defines special teachers in section 35, which reads as follows:

"Teachers of schools in Porto Rico shall be designated as rural, graded, teachers of English, principal teachers and special teachers, the latter class comprising kindergarten teachers, music and drawing teachers, teachers of sloyd, teachers of trades and special subjects in industrial schools, teachers in stenography and typewriting and all other teachers not otherwise classified, who may at any time be employed in school work under the direction of the Commissioner of Education. They shall all be persons of good moral character and possessed of the necessary requirements for their several positions as may be prescribed by law and certified to by a cetrificate or license to teach issued by the Department of Education over its own seal and the signature of the commissioner."

Upon an examination of the ninth resolution of the commission appointed to prepare a general plan for the establishment of mechanical schools in the Island of Porto Rico, in relation with the pertinent part of the appropriation act which created it and the sections of the School Law transcribed, it appears to us that said resolution is illegal and consequently void.

Said commission was created for the purpose of preparing a general plan for the establishment of mechanical

schools in the Island of Porto Rico, and although its powers were not defined in the law creating it, they must undoubtedly include all those necessary for carrying out the purpose of the act. The preparation of a general plan for the establishment of mechanical schools includes the instruction to be given in those schools, both theoretical and practical, the necessary entrance conditions, the fixing of the salaries of the teachers, and everything pertaining to their organization, but we do not see any reason for including in such general plan the manner and form of the appointment of teachers, where there is an express act which provides how and by whom such appointments shall be made. Said act is the School Law, approved March 12, 1903, which provides in its section 55 that teachers of English and all special teachers shall be appointed directly by the Commissioner of Education and according to section 35, under the classification of special teachers, are comprised teachers of mechanical schools or of schools of arts and trades.

It cannot be alleged that the ninth resolution of the commission in requiring the recommendation referred to for the appointment of teachers by the Commissioner of Education is not in opposition to or in conflict with section 55 of the School Law, as the latter vests in the Commissioner of Education the power to appoint directly teachers of English and all special teachers, a free and direct power which is not governed by outside suggestions, and which would no longer fulfill such conditions if the necessity of a recommendation limiting such power were required. If the resolution of the commission were maintained, the Commissioner of Education would be obliged to appoint as teachers such persons as might be recommended to him, and not those he might consider best qualified therefor. According to the law the appointment must be direct and not upon recommendation.

If the Legislative Assembly had considered it advisable for the purposes of mechanical schools that teachers should be appointed in a different manner from that provided by the

School Law, it devolved upon that legislative body, and not upon the commission created to prepare a general plan, to repeal said law in accordance with the axiom *ejus est tellere cujus est condere.* The Legislative Assembly itself gives us proof hereof in establishing the University of Porto Rico by the Act approved March 12, 1903.

There has been no repeal either express or implied of the School Law of this case, because the Appropriation Act of 1906 does not contain any provision whatsoever repealing sections 35 and 55 of the School Law of 1903, and the preparation of a general plan for the establishment of mechanical schools in Porto Rico, which was the purpose of the commission created to that end, did not require for the operation of the latter, that the observance of such sections should be waived, which sections were not in conflict with the preparation of the plan entrusted to said commission.

We must not overlook the fact that the commission which was to recommend the teachers was to consist of the President of the Executive Council, the Speaker of the House of Delegates, and the chairman of the Committee on Education of said House, whose rights and duties are prescribed by law or regulations, and which cannot be supplemented except by competent authority, which could never be a commission appointed for special and exclusive purposes.

For the reasons stated we believe that the writ of *mandamus* applied for by Eugenio Benítez Castaño should be denied, with the costs against the applicant.

*Dismissed.*

Chief Justice Quiñones, and Justices Figueras and Mac-Leary concurred.

Mr. Justice Wolf did not take part in the decision of this case.